**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

EMMANUEL NWAOHIA,

              Plaintiff,

      v.

WAL-MART STORES, INC., WAL-
MART STORES EAST LP AND JOHN
DOES 1-5 AND 6-10,

              Defendants.

Civ. No. 1:18-cv-10648-NLH

**OPINION**

---

**APPEARANCES:**

EMMANUEL NWAOHIA
1900 LAUREL ROAD, APT. #L-94
LINDENWOLD, NJ 08021

    *Plaintiff appearing pro-se*

SALVADOR P. SIMAO, ESQ.
MATTHEW T. CLARK, ESQ.
FORDHARRISON LLP
300 CONNELL DRIVE, SUITE 4100
BERKLEY HEIGHTS, NJ 07922

    *On behalf of Defendants*

**HILLMAN**, **District Judge**

This matter comes before the Court pursuant to Emmanuel

Nwaohia's ("Plaintiff") request for reconsideration, which will

be construed as a Motion for Reconsideration pursuant to Fed. R.

Civ. P. Rule 59(e) ("Rule 59(e)") and Fed. R. Civ. P. Rule 60(b)

("Rule 60(b)").[1]   (ECF No. 65).   Previously, this Court issued an

Opinion and Order granting summary judgment for Defendants Wal-

Mart Stores, Inc., Wal-Mart Stores East, LP, and John Does 1-5

and 6-10.   (ECF No. 63).   Plaintiff claims that Defendants

discriminated against him in violation of the New Jersey Law

Against Discrimination ("NJLAD").   For the reasons expressed

below, Plaintiff's Motion for Reconsideration will be denied.

## BACKGROUND

The Court will reiterate the facts as necessary to decide

the present motion and assumes familiarity with the facts as

discussed in the Court's Opinion dated July 7, 2021.   (ECF No.

63).   Plaintiff was employed as a Maintenance Associate at two

Wal-Mart Stores locations between 2004 and 2017.   (Id. at 2.)

Plaintiff alleges harassment due to his race and national

origin, as a Black man of African descent as well as

discrimination based on race, national origin, and disability

status.   (Id. at 3-4).   Defendants assert that Plaintiff was

terminated due to insubordination and disrespect towards his co-

workers and supervisors.   (Id. at 2, 4-5).   This Court found

that Plaintiff did not produce sufficient evidence to establish

a *prima facie* case for his disability discrimination claims, and

---

[1] Given that the Plaintiff is pro se and does make some
discernible allegations of misconduct by opposing counsel which
is not captured in Rule 59(e), but is a prong of analysis in
Rule 60(b), the Court will review Plaintiff's motion under both.

2

that Defendants offered a nondiscriminatory explanation for their actions which Plaintiff failed to rebut.  (Id. at 14, 16).  With regards to his accommodation claim, the Court found that Defendants granted Plaintiff his requested accommodation.  (Id. at 17-19).  The Court also found that Plaintiff only provided conclusory allegations with regards to racial and national origin harassment and discrimination that made the required fact intensive inquiry under the NJLAD impossible.  (Id. at 23-24).

Plaintiff sent a letter which is being liberally construed as a Motion for Reconsideration under Rules 59(e) and 60(b). Plaintiff's letter broadly calls on this Court to hear his case, suggesting he wishes to have an oral argument and reiterates his claims of harassment and discrimination.  (ECF No. 65). Plaintiff also alleges having issues with his previous lawyer. (ECF Nos. 65, 73, and 74).

## DISCUSSION

### I.   Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

### II.   Standard for Motion Pursuant to Rule 59(e)

The scope of a Rule 59(e) motion for reconsideration is extremely limited and may not be used to relitigate a case.  See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  Rather, it

may be used "only to correct manifest errors of law or fact or
to present newly discovered evidence." Id.  "'Accordingly, a
judgment may be altered or amended [only] if the party seeking
reconsideration shows at least one of the following grounds: (1)
an intervening change in the controlling law, (2) the
availability of new evidence that was not available when the
court [decided the motion], or (3) the need to correct a clear
error of law or fact or to prevent manifest injustice.'" Id.
(quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,
602 F.3d 237, 251 (3d Cir. 2010)).  In the context of such a
motion, manifest injustice "generally . . . means that the Court
overlooked some dispositive factual or legal matter that was
presented to it," or that a "direct, obvious, and observable"
error occurred.  See Brown v. Zickefoose, No. 11-3330, 2011 WL
5007829, at *1 n.3 (D.N.J. Oct. 18, 2011).  Such motions must be
filed within 28 days of the entry of the judgment.  Fed. R. Civ.
P. 53(e).

      With regards to Rule 59(e)'s time limitation, Plaintiff's
motion was made on July 27, 2021, which was within 28 days of
the entry of final judgment in this matter.  See (ECF Nos. 64,
65) (Opinion entered on July 7, 2021; Plaintiff's letter
received on July 27, 2021).

      The first part of the assessment under Rule 59(e) asks
whether there was an intervening change in the controlling law

of the case.  Plaintiff's motion does not contain any references

to any legal cases for support.  See (ECF No. 65).  Therefore,

Plaintiff has not carried his burden to show that there was an

intervening change in controlling law.

The second prong concerns the availability of new evidence

that was not available when the Court made its decision.  The

Plaintiff's motion further discusses his claims of racial and

national origin harassment, but he provides no new additional

evidence or documentation.  Compare (ECF No. 65) with (ECF Nos.

58, 59, 60).  Plaintiff does provide "new" additional details

pertaining to his claims, such as stating that he reported

harassment to his manager "around September 2015," providing

some specificity that was lacking to his claims as previously

presented.  (ECF No. 65).  However, none of the information

Plaintiff provides in his motion is information that was not

previously available to Plaintiff while presenting his original

Complaint or summary judgment briefing, as Defendants correctly

point out with regards to Plaintiff's attempts to cite to his

recollection of the deposition that occurred in October of 2020.

(ECF No. 72 at 10).

Moreover, to the extent that Plaintiff attempts to make

entirely new claims about retaliation or liability regarding his

disabling injuries, a motion for reconsideration is not the

appropriate venue to raise such claims and the Court will not

consider them.  Lopez v. Corr. Med. Servs., No. 04-2155, 2010 WL

3881212, at *3 (D.N.J. Sept. 27, 2010) (citing Bowers v. Nat'l

Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 613 (D.N.J.

2001)).

Finally, the third consideration under Rule 59(e) is

whether Plaintiff demonstrates the need to correct a clear error

of law or fact or to prevent manifest injustice.  Plaintiff does

not argue that there was a clear error of law and does not cite

to any legal arguments in his motion.  See (ECF. No 65).

In this matter, there is no distinguishable argument that

there is a clear error of fact, aside from Plaintiff's bald

argument that he disagrees with the Court's decision to grant

Defendants' Motion for Summary Judgment.

Plaintiff does make claims of injustice due to, as the

Court understands it, the lack of oral argument.

i.   **Oral Argument is Not Required**

Upon reading Plaintiff's letters, it appears that

Plaintiff seeks oral argument with regards to his claims.  (ECF

No. 65) ("how are you going to close my case without any court

date being sent to me[?]" and "[h]ow could you close my case

without hearing a word from me?").  Pursuant to Federal Rule of

Civil Procedure 78(b), the court may provide for submitting and

determining motions on briefs, without oral hearings.  Fed. R.

Civ. P. 78(b).  Local Civil Rule 78.1(b) notes that all motions

will be decided on the papers unless a party requests oral

argument and the request is granted by the Judge or Magistrate

Judge, or if the Court *sua sponte* directs for oral arguments to

be held.  The Court is not required to hold oral argument and

may decide in its discretion whether oral argument is necessary

or will occur on a pending motion.  <u>Morris v. United States</u>, No

12-2926, 2015 WL 4171355, at *2 (D.N.J. Jul. 9, 2015).

The Court determined in this instance that oral argument

was not necessary and decided the motions on the papers.

Despite these letters failing to address any legal arguments put

forth by Defendants, the Court still addressed the merits of

Plaintiff's claims when construing Plaintiff's submissions as a

response to Defendants' Motion for Summary Judgment.  (ECF No.

63 at 8-9).  Plaintiff was given the necessary, meaningful

opportunity to present his case.  <u>Branco-Antonio v. AG United</u>

<u>States</u>, 792 Fed. App'x 189, 194 (3d Cir. 2019) (citing <u>Mathews</u>

<u>v. Eldridge</u>, 414 U.S. 319, 348-49 (1976) ("The judicial model of

an evidentiary hearing is neither a required, nor even the most

effective, method of decision-making in all circumstances. . . .

All that is necessary is that . . . [those who are to be heard]

are given a meaningful opportunity to present their case.").

The Court has heard Plaintiff, with nine letters filed by

him over the course of these proceedings.  <u>See</u> (ECF Nos. 58, 59,

60, 62, 65, 66, 67, 73, 74).  The Court painstakingly reviewed

each of Plaintiff's submissions in order to fairly address the merits of Defendant's summary judgment motion despite the lack of a proper response.  See (ECF No. 63 at 9).  The lack of a hearing does not amount to manifest injustice.  Therefore, Plaintiff has failed to meet the requirements of Rule 59(e).

### III.  Standard for Motion Pursuant to Rule 60(b)

Rule 60(b) is only applicable to final judgments. Dinnerstein v. Burlington County, No. 13-5598, 2015 WL 224428, at *1 (D.N.J. Jan. 14, 2015) ("an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint.").  According to Rule 60(b), the Court has discretion to provide relief in final judgments for equitable reasons, in pertinent part: "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . (6) any other reason that justifies relief."  Rule 60(b)(3) and (6); see also Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988) ("[a] motion for relief under Rule 60(b) is directed to the sound discretion of the trial court.").  In general, motions pursuant to Rule 60(b) are to be granted sparingly.  Jones v. Lagana, No. 12-5823, U.S. Dist. LEXIS 101488, at *2-3 (D.N.J. Aug. 3, 2016) ("[a] court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the

court has already considered and decided."); Brackett v.

Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2

(D.N.J. Oct. 7, 2003).

Under Rule 60(b)(3), the movant "must establish that the

adverse party engaged in fraud or other misconduct, and that

this conduct prevented the moving party from fully and fairly

presenting his case." Stridiron v. Stridiron, 698, F.2d 204,

207 (3d Cir. 1983).  The movant must prove such fraud by clear

and convincing evidence.  Nelson v. United States, No. 17-5083,

2020 WL 6074471, at *2 (D.N.J. Oct. 14, 2020) (citing Shelton v.

FCS Capital LLC, No. 2:18-cv-03723, 2020 U.S. Dist. LEXIS

105730, at *7 (E.D. Pa. June 17, 2020)).  Under Rule 60(b)(6),

the court must consider whether extraordinary circumstances

justify reopening the judgment.  Budget Blinds, Inc. v. White,

536 F.3d 244, 255 (3d Cir. 2008).

Motions pursuant to Rule 60(b)(3) have a time limitation of

one year after final judgment, and those motions that seek

relief under Rule 60(b)(6) are generally time barred after one

year unless extraordinary circumstances delayed the filing.

Lagana, LEXIS 101488, at *4-5; see also Gordon v. Monoson, 239

F. App'x 710, 713 (3d Cir. 2007).

Reading Plaintiff's Motion for Reconsideration liberally,

the Court will address each avenue where Plaintiff has raised

any colorable claim for relief.  Plaintiff's motion was made on

9

July 27, 2021, which was within the one-year limitation of Rule
60(b)(3), and the Court finds that the motion's timing is
sufficient under the reasonableness test of Rule 60(c)(1) for
motions under Rule 60(b)(6).  See (ECF Nos. 64, 65) (Opinion
entered on July 7, 2021; Plaintiff's letter received on July 27,
2021).

The Court can construe an argument from Plaintiff to
reconsider based on Rule 60(b)(3).  Plaintiff brings up his
issues with his former attorney in his Motion for
Reconsideration as well as in his subsequent letters.  (ECF Nos.
65, 73, and 74).  Plaintiff specifically alleges that opposing
counsel asked his former attorney to "drop my case, which he
did."  (ECF No. 65 at 1).  Plaintiff reiterates this allegation
in his subsequent letters: "As FordHarrison Co. lawyers ask my
lawyer Mr. Costello K. LL. to drop my case and he did.  His
lawyer Mr. David S. Kim call and said we are going to pay you
$30,000.00 and not what your lawyer is asking for $150,000.00
and if you say no you have the power to ask Judge N. Hillman to
go ahead and dismins [sic] and close my case."  (ECF No. 73 at
1).  The Court notes that Plaintiff's former attorney properly
submitted a Motion to Withdraw, which was accepted and granted
on July 24, 2019.  (ECF No. 27).

Similarly, Plaintiff accuses opposing counsel of
misconduct, and stated that "Mr. D.S. Kim Walmart lawyer said

Mr. Nwaohia, if you did not agreed with the amount I like to pay
that you have every power to dismiss my case in its entirety,
and Judge N. Hillman did." (ECF No. 74).  However, these
accusations of malfeasance are entirely unsupported by any
evidence on the record or otherwise that opposing counsel has
acted improperly.  Defendants' counsel has denied these
allegations.  (ECF No. 72 at 12).  Such bare assertions cannot
meet the standard of "clear and convincing" evidence required
for Plaintiff to persevere under Rule 60(b)(3).  Nelson, 2020 WL
6074471, at *2.  What Plaintiff alleges as impropriety appears
to be simply the back and forth of settlement discussions and in
the face of a breakdown of those negotiations the rather
straightforward assertion that either party could submit the
matter to the Court for adjudication on the merits.

Finally, the Court will consider the "catch all" provision
under Rule 60(b)(6), that is whether extraordinary circumstances
justify reopening the judgment.  An extraordinary circumstance
is defined as an "extreme" and "unexpected" hardship resulting
from the Court refusing to reopen a final judgment.  Severs v.
AG of New Jersey, No. 15-6421, 2020 U.S. Dist. LEXIS 181973, at
*3 (D.N.J. Sept. 30, 2020).  Here, Plaintiff does not assert any
extreme or unexpected consequence of the Court's decision to
grant summary judgment in favor of the Defendants in this
matter.  The Court acknowledges that Plaintiff asserts that he

lost wages since his termination and was evicted following his
dismissal from his position at Wal-Mart, and while this has a
substantial impact on Plaintiff, such an event is not the kind
of "extraordinary" circumstances required for relief under Rule
60(b)(6).  See Moolenaar v. Gov't of Virgin Islands, 822 F.2d
1342, 1347 (3d Cir. 1987) ("extraordinary" circumstances are
necessary for granting Rule 60(b) relief; inequities or
"manifest injustice" alone do not meet the standard).

Therefore, Plaintiff has failed to meet the standards for
Rule 60(b)(3), and (6) for the extraordinary remedy of
reconsideration.

Courts hold pro se litigant's submissions to "less
stringent standards than formal pleadings drafted by lawyers,"
Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, at summary
judgment, a pro se plaintiff is not absolved from his or her
burden of presenting "some affirmative evidence, i.e. not just
mere allegations, to establish a prima facie case, and to show
that there is a genuine dispute for trial."  Stevenson v. County
Sheriff's Office of Monmouth, No. 13-5953, 2018 WL 797425, at *2
(D.N.J. Feb. 8, 2018); see also Barnett v. N.J. Transit Corp.,
573 F. App'x 239, 243 (3d Cir. 2014) (holding that pro se
plaintiff was still "required to designate specific facts by use
of affidavits, depositions, admissions, or answers to
interrogatories . . . sufficient to convince a reasonable fact

finder to find all the elements of her prima facie case")

(citation and quotation omitted).  Plaintiff failed to put forth

more than conclusory allegations both in his opposition to

summary judgment and in his request to reconsider.  Plaintiff's

Motion for Reconsideration must be denied.

## CONCLUSION

For the foregoing reasons Defendant's Motion for

Reconsideration will be denied.  An appropriate Order consistent

with this Opinion will be entered.


Date: August 5, 2022                s/ Noel L. Hillman
At Camden, New Jersey           NOEL.L. HILLMAN, U.S.D.J.