CLD-244

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2504
_____

EMMANUEL NWAOHIA,
                                    Appellant

v.

WALMART STORES, INC.;
WALMART STORES EAST, LP;
JOHN DOES 1–5 AND 6–10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:18-cv-10648)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on
September 15, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges
_____

JUDGMENT
_____

    This cause came to be considered on the record from the United States District Court for the District of New Jersey and was submitted for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and for possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on September 15, 2022.

    On consideration whereof, it is now hereby **ORDERED** and **ADJUDGED** by this Court that the judgment of the District Court entered July 7, 2021, be and the same hereby

is **AFFIRMED**. Costs will be taxed against Appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

DATED: September 26, 2022

Certified as a true copy and issued in lieu of a formal mandate on  10/18/2022

Teste: *Patricia A Dodszuweit*
**Clerk, U.S. Court of Appeals for the Third Circuit**

CLD-244

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2504
_____

EMMANUEL NWAOHIA,
                  Appellant

v.

WALMART STORES, INC.;
WALMART STORES EAST, LP;
JOHN DOES 1–5 AND 6–10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:18-cv-10648)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on
September 15, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: September 26, 2022)
_____

———————

OPINION[*]

———————

PER CURIAM

Emmanuel Nwaohia, proceeding pro se, appeals the District Court's order granting summary judgment against him in this employment-discrimination action that he brought against his former employer, Walmart Stores, Inc. ("Walmart"). For the following reasons, we will summarily affirm the District Court's judgment.

Nwaohia was employed by Walmart as a maintenance associate in Turnersville, New Jersey, beginning in 2004. He was terminated in February 2008 for insubordination after multiple formal reprimands (known as "coachings" in Walmart's terminology) for publicly disrespecting coworkers and supervisors. Later that year, he was re-hired in Walmart's store in Deptford, New Jersey, for the same maintenance associate position. In 2011, Nwaohia was injured in an accident involving the store's trash compactor. He underwent spinal surgery related to that accident in 2014, after which certain physical limitations prevented him from performing the full range of job duties associated with his position. Nonetheless, he continued working at Walmart, with his remaining duties being to run the floor-cleaning "Zamboni" machine and to sweep other areas of the store.

After his re-hire in 2008, Nwaohia continued to receive coachings on various issues, including repeated instances of insubordination and disrespect, many of which pre-dated

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

his injury and subsequent surgery. In September 2016, he was reprimanded for failing to wear a security vest while operating the Zamboni, which he was driving "at a fast pace[,] almost running into a customer." ECF No. 54-5 at 21. In September 2017, he was given yet another coaching on insubordination when he refused his manager's request to sit at the entrance door and relieve a security guard for a break. At that time, he was told that any further disciplinary issues would result in termination. See id. at 22. Finally, in November 2017, Nwaohia was terminated after he got into an argument with his manager, threw a greeting card at her, and refused to pick it up.

In 2018, Nwaohia filed a counseled complaint in the Superior Court of New Jersey for Gloucester County, lodging claims under the New Jersey Law Against Discrimination ("NJLAD") for failure to accommodate his disability, disability discrimination, and harassment on the basis of his race and national origin. See ECF No. 54-5 at 2–10. Walmart removed the action to the District of New Jersey and the case was referred to arbitration but, during the parties' negotiations, the relationship between Nwaohia and his attorneys broke down. After a hearing, the presiding Magistrate Judge granted counsel's motion to withdraw, then removed the case from arbitration. The parties conducted discovery, including Walmart's taking Nwaohia's deposition.

Walmart then moved for summary judgment. Rather than file any documents in opposition to summary judgment, Nwaohia sent a series of letters to defense counsel and the District Court, primarily complaining about the course of settlement negotiations and the withdrawal of his attorneys. The District Court found that Nwaohia had not made out a

3

prima facie case on any of his claims under the NJLAD and granted summary judgment in favor of Walmart. Nwaohia appeals.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291,[2] and we exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288–89 (3d Cir. 2018) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268–69 (3d Cir. 2014)). We construe Nwaohia's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] Before filing his notice of appeal, Nwaohia sent a letter to the District Court that was construed as a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60. See ECF No. 65. We stayed this appeal pending disposition of that motion, see CA3 ECF No. 14, and Nwaohia's notice of appeal became effective when the District Court entered its order denying reconsideration, see id.; Fed. R. App. P. 4(a)(4)(B)(i). Because Nwaohia did not file an amended notice of appeal following the District Court's denial of reconsideration, our review is limited to the underlying grant of summary judgment. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

[2] Following removal from New Jersey state court, the District Court properly exercised jurisdiction over this diversity action. See 28 U.S.C. §§ 1332, 1441(b).

4

Our Clerk advised Nwaohia that this appeal faced dismissal under 28 U.S.C. § 1915 or summary action and invited him to file a document in support of his appeal. Nwaohia filed several such documents, but none of them put forth any arguments addressing the merits of his claims. His lone complaint of error is that the District Court decided the motion for summary judgment without holding oral argument. But the District Court has broad discretion to rule without oral argument. See Fed. R. Civ. P. 78(b); D.N.J. L.R. 78.1. We perceive no abuse of that discretion here. The District Court went to great lengths to afford Nwaohia liberal construction of his various letters and filings, and the record indicates that oral argument was not warranted.

As to Nwaohia's claims related to his disability, the record before the District Court warranted granting summary judgment for Walmart. Although Nwaohia claimed that Walmart failed to accommodate the physical limitations imposed by his disability, the undisputed evidence shows that he received his requested accommodations. Walmart granted Nwaohia extended leave to recover from his spinal surgery in 2014; when he returned to work, he was not required to perform any of the normal job functions outside his physician's recommendations, and instead was limited to driving the Zamboni and sweeping. See Dist. Ct. Op. 18–20, ECF No. 63. He admitted the same in his deposition. He offered no evidence other than his own assertions that he was directed to do work outside the scope of his physical limitations. On appeal, he has submitted certain evidence of his medical history, but the fact of his disability was never in dispute.

Similarly, Nwaohia's bald assertions of disability discrimination were insufficient to make out a prima facie case. While Walmart provided a detailed history of Nwaohia's

5

disciplinary record, Nwaohia himself offered no evidence of write-ups or coachings related to his nonperformance of tasks outside his physical limitations, nor could he recall any specific dates when they occurred. See ECF No. 54-4 at 26–28. As the District Court noted, even if Nwaohia had made out a prima facie case, he offered no evidence or arguments to refute Walmart's proffered nondiscriminatory reasons for his termination, so his claims would have failed at the pretext stage under the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Viscik v. Fowler Equip. Co., 800 A.2d 826, 833 (N.J. 2002) (applying McDonnell Douglas to NJLAD claims).

Finally, Nwaohia's claims of discrimination on the basis of race or national origin were similarly unsupported. Nwaohia merely alleged "that two co-workers called [him] a racial slur and other offensive names an unknown number of times, in an unknown context, on some unknown dates, and that some other employees 'harassed' him in some unknown way." Dist. Ct. Op. 24, ECF No. 63. Even accepting the truth of those allegations, Nwaohia could not recall specific complaints he lodged, and he admitted that he never used Walmart's established systems for reporting discrimination. See ECF No. 54-1 at ¶¶ 40–43. We agree with the District Court that Nwaohia's "failure to truly oppose the [summary judgment] motion, or to put forward any evidence at all in support of his allegations, is . . . fatal for his complaint." Dist. Ct. Op. 26, ECF No. 63.

Accordingly, this appeal does not present a substantial question, so we will summarily affirm the District Court's judgment.

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

October 18, 2022

Mr. William T. Walsh
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Room 1050
Camden, NJ 08101

RE: Emmanuel Nwaohia v. WalMart Stores Inc, et al
Case Number: 21-2504
District Court Case Number: 1-18-cv-10648

Dear Mr. Walsh:

Enclosed herewith is the certified judgment together with copy of the opinion or certified copy of the order in the above-captioned case(s). The certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment or order is also enclosed showing costs taxed, if any.

Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/ *Aina*, Legal Assistant
Direct Dial: 267-299-4957

cc:

Emmanuel Nwaohia
Mark A. Saloman